IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                              ORDER

    v.                                      04-CR-03-C-02

DUSTIN C. BASKIN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Dustin C. Baskin's supervised release was held in this case on November 28, 2007, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Robert A. Anderson. Defendant was present in person and by counsel, Michael Lieberman. Also present was United States Probation Officer Assistant Veronica Puccio.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on September 21, 2004, following his conviction for possession of equipment, chemicals and materials to

1

manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 15 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on November 23, 2004 after he had a pre-release placement at the Fahrman Center, from which he had been expelled for engaging in a sex act with a female resident. In response to this expulsion, I modified the conditions of his supervised release on November 22, 2004, adding Special Condition No. 6, directing defendant to reside at Rock Valley Community Programs in Janesville, Wisconsin, for a period of 120 days. On January 12, 2005, in response to defendant's expulsion from Rock Valley Community Programs for failing to follow program rules, I modified the conditions of defendant's supervised release again, adding Special Condition No. 7, directing him to reside at the Chippewa County jail for 180 days.

On July 25, 2006, I revoked defendant's supervised release in response to his violation of Special Condition No. 4, which required him to abstain from alcohol. Defendant was seen drinking alcohol in a bar and admitted to his U.S. probation officer that he had been drinking five days a week. I sentenced defendant to six months' imprisonment, to be followed by a two-year term of supervised release.

Defendant began his second term of supervised release on November 24, 2006.

Defendant stipulates that he violated the statutory condition of supervised release

2

restricting him from committing another federal, state or local crime, and Special Condition No. 4, prohibiting him from using alcohol, when he drove a motor vehicle while intoxicated. On June 27, 2007, defendant was convicted in the Circuit Court for Eau Claire County in Case No. 2007TR006627, of driving while under the influence of alcohol. He was sentenced to a fine of $793 and a seven-month suspension of his license.

Defendant's conduct falls into the category of a Grade C violation, as defined by §7B1.1(a)(3) of the sentencing guidelines policy statement for violations of supervised release. In addressing such a violation, I have the discretion to revoke supervised release, extend the term of supervised release or modify the conditions of release.

## CONCLUSIONS

Defendant's violation warrants revocation. Defendant's repeated use of alcohol has placed him and the community at risk. Accordingly, the two-year term of supervised release imposed on defendant on July 25, 2006, will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a criminal history category of I, he has a guideline range of imprisonment of 3 to 9 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3) which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which

he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence of time served. This sentence falls within the guideline range. When coupled with the sentencing defendant is facing in the Circuit Court for Jackson County in Case No. 2004CF000028, for revocation of probation, the sentence will reflect the seriousness of defendant's violation of supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 25, 2006, is REVOKED and defendant is sentenced to time served. No term of supervised release shall follow the term of imprisonment. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Defendant has the right to appeal this sentence.

Entered this 29th day of November, 2007.

                    BY THE COURT:
                    /s/
                    BARBARA B. CRABB
                    Chief District Judge